UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>IBRAHIM A. QASIM,<br><br>Defendant. | CRIMINAL NO. 5:24-CR-16-KKC-EBA-2<br><br><br><br>OPINION AND ORDER |

*** *** ***

This matter is before the Court on Defendant Ibrahim Qasim's Motion for Reconsideration (DE 102) of the Court's denial of compassionate release and his Motion for Home Confinement. (DE 111.) For the following reasons, the Court will deny his motions.

I.

The Court previously denied the defendant's request for compassionate release. (DE 101.) Now, the defendant moves the Court to reconsider its decision, arguing that: (1) he had submitted medical records supporting his own medical conditions and his mother's underlying breast cancer; and (2) the Court was mistaken when it stated that the defendant had only served two months of his 45-month sentence. (DE 102 at 2–3.) He reiterates that his medical conditions and circumstances at his facility warrant his request for home confinement. (*Id.* at 4.)

Motions to reconsider are construed as motions to alter, amend, or vacate pursuant to Federal Rule of Civil Procedure 59(e). *Moody v. Pepsi-Cola Metro. Bottling Co.*, 915 F.2d 201,

206 (6th Cir. 1990). The standard for a motion under Rule 59(e) is "necessarily high." *Hewitt v. W. & S. Fin. Grp. Flexibly Benefits Plan*, CIVIL ACTION NO. 16-120-HRW, 2017 WL 2927472, at *1 (E.D. Ky. July 7, 2017). The moving party may not use a Rule 59(e) motion as a tool to "re-litigate issues the Court previously considered." *Id.* at *1. A court may only grant a Rule 59(e) motion if the moving party sets forth: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in the controlling law; or (4) a manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted). Further, "Rule 59(e) motions cannot be used to present new arguments that could have been raised prior to judgment." *Howard v. U.S.*, 533 F.3d 472, 475 (6th Cir. 2008).

Neither of the defendant's arguments warrant overturning the Court's previous decision to deny compassionate release. The Government correctly notes that the defendant's motion for reconsideration do not allege a clear error of law or an intervening change in the controlling law. (DE 104 at 3.) Thus, the defendant's argument must be construed to allege newly discovered evidence or a manifest injustice warranting reconsideration of compassionate release.

The defendant first claims that he actually did supply the necessary medical records supporting his own medical conditions and mother's underlying breast cancer, and that she requires a caretaker. Assuming that to be true, and setting aside the requirement that the defendant show newly discovered evidence or a manifest injustice, the defendant has failed to show how he is the only available caretaker for his mother. He concedes that he has five siblings living in Lexington, Kentucky. Instead, he argues that his mother requested for him to be her caretaker. That, however, does not show that the defendant is **only** available caretaker for his mother. If anything, it demonstrates the opposite.

The defendant also asserts that the Court mistakenly stated that he had only served two months of his sentence rather than nine months. This alleged error constitutes neither newly discovered evidence nor a manifest injustice. As the Court will discuss below, the difference between two and nine months would not have substantially changed its analysis of the 18 U.S.C. § 3553(a) factors.

It becomes clear in the defendant's reply that he takes issue with his designated facility for imprisonment, arguing that the Bureau of Prisons (BOP) is violating the Court's "order" that the defendant be placed in a medical facility. (DE 105 at 1–2.) Yet the defendant conflates an order with a recommendation. While the Court did recommend that the defendant be placed in a medical facility, the United States Supreme Court has explained that "although a sentencing court can recommend that an offender be placed in a particular facility or program, . . . , the authority to make the placement rests with the [BOP.]" *Tapia v. United States*, 564 U.S. 319, 320 (2011). The Court does not have the authority to order the BOP to transfer the defendant elsewhere.

And as the Court explained in its original order denying compassionate release, the 18 U.S.C. § 3553(a) factors do not support the defendant's request. The extent and nature of the defendant's conviction is severe. The fact that the defendant had served nine months, not two months, of his 45-month sentence when the Court denied compassionate release does not significantly change its analysis. Incarceration is needed to adequately reflect the seriousness of the offense, promote respect for the law, and provide just punishment. Accordingly, the § 3553(a) factors still do not support early release.

## II.

For similar reasons as the ones raised in his motion for reconsideration, the defendant moves the Court to place him on home confinement. Yet the Government points

out that the BOP has sole authority to transfer a federal inmate to home confinement. *See* 18 U.S.C. § 3624(c)(2). Further, this authority is not subject to judicial review under the Administrative Procedure Act. *Id.* § 3625. The Court, thus, does not have the authority or jurisdiction to consider the defendant's request for home confinement.

### III.

For the aforementioned reasons, the Court hereby ORDERS that Defendant Ibrahim Qasim's Motion for Reconsideration (DE 102) and Motion for Home Confinement (DE 111) are DENIED.

This 8th day of July, 2025.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY